■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS ALMOND, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court properly denied defendant's motion to sever his trial from that of his codefendant. "Where proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance" *(People v Bornholdt,* 33 NY2d 75, 87). The basis of defendant's motion was that an antagonistic defense might arise at trial. "[S]everance is not required solely because of hostility between the defendants, differences in their trial strategies or inconsistencies in their defenses. It must appear that a joint trial necessarily will, or did, result in unfair prejudice to the moving party and substantially impair his defense" *(People v Cruz,* 66 NY2d 61, 73-74, *revd on other grounds* 481 US 186). "[S]everance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" *(People v Mahboubian,* 74 NY2d 174, 184). We conclude that defendant has failed to show that the joint trial resulted in unfair prejudice to him and that it substantially impaired his defense or that the conflict in defenses alone would lead the jury to infer defendant's guilt.

The court did not err in receiving into evidence money taken from defendant at the time of his arrest. Without objection, the arresting officer testified that he found a substantial amount of money on defendant's person and also, without objection, he identified the money, stated that it totaled $2,449 and gave the denomination of each of the bills. Finally, without objection, he showed the money to the jury. On cross-examination, defense counsel elicited evidence that defendant had a legitimate reason for possession of the money —that he was taking it to the bank to pay off a loan. At the conclusion of the People's case, the People offered the money

into evidence. Because this testimony about the money was received without objection, the court properly overruled defendant's general objection to the receipt of the money into evidence.

None of the alleged acts of prosecutorial misconduct were objected to and thus have not been preserved for review as a matter of law, and we decline to exercise our power to review them in the interest of justice.

We have reviewed the other issues raised by defendant on appeal and we find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—criminal possession of controlled substance, third degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.